**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **TELLUS FIT, LLC,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>　v.<br><br>**SONY MOBILE COMMUNICATIONS (USA) INC.,**<br><br>　　　　　　　　　**Defendant.** | Case No. 6:16-cv-422-RWS<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Tellus Fit, LLC ("Tellus" or "Plaintiff") makes the following allegations against Sony Mobile Communications (USA) Inc. ("Sony" or "Defendant").

### NATURE OF THE ACTION

1.　This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,976,937 ("the '937 Patent") ("the Patent-in-Suit").

### PARTIES

2.　Plaintiff Tellus Fit, LLC is a Texas limited liability company with its principal place of business at 211 E. Tyler St., Suite 600-A, Longview, TX 75601.

3.　On information and belief, Sony is a corporation, with its principal place of business at 3333 Piedmont Rd. NE, Suite 600, Atlanta, GA, 30305-1714.  On information and belief, Sony may be served via its registered agent, Capitol Services, Inc., 1675 S. State St., Suite B, Dover, DE 19901.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposely availed itself of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Tellus Fit's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

5. More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, including the accused products identified herein that practice the claimed systems of the Patent-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas. Further, Defendant has an interactive website that is accessible from the State of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

7. More specifically, Defendant, directly and/or through its intermediaries, makes, distributes, imports, offers for sale, sells, advertises and/or uses, systems including the Accused Systems identified herein, that practice the claimed systems of the Patent-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas and solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products in the State of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,976,937

8. Plaintiff is the owner by assignment of the '937 Patent entitled "Integrated Exercise Detection Device Employing Satellite Positioning Signal and Exercise Signal" – including all rights to recover for past and future acts of infringement. The '937 Patent issued on December 20, 2005. A true and correct copy of the '937 Patent is attached as Exhibit A.

9. On information and belief, Defendant has been and now is directly infringing the '937 Patent in this judicial district and elsewhere in the United States. Infringement by Defendant includes, without limitation, making, distributing, importing, offering for sale, selling, advertising, and/or using, without limitation an integrated exercise detection device for detecting exercise conditions by employing both satellite positioning signals received from a Global Positioning System and exercise signals attached to user, which allows for monitoring the statistics related to a user's exercise or fitness routine ("Accused Systems") infringing at least claim 6 of the '937 Patent.

10. Plaintiff is informed and believes that Defendant infringes by and through at least its manufacture, distribution, offer to sell, sale, and/or use of the products comprising at least the following Accused Systems: Sony Smartwatch 3.

11. Upon information and belief, Defendant's Accused Systems are integrated detection devices equipped with a GPS module (a satellite positioning module) that is adapted to receiving satellite signals. *See* https://www.ifit.com/shop/category/wearables/sonysmartwatch3 ("...built-in GPS...," "Works with the iFit Outside app...") and https://www.ifit.com/sonywatch ("Powered by Android Wear. Integrated with iFit technology." "Track your outdoor workouts using the iFit Outside app."). These signals are processed by a microprocessor to generate a variety of measurable items-which together constitute "first data." Further, the satellite signals are

transferred to the microprocessor via a communication interface, including, as non-limiting examples, a data bus, I/O interfaces, ports, etc. *See* https://www.ifit.com/sonywatch ("GPS", "Quad ARM A8" and http://www.businesswire.com/news/home/20141124005813/en/Broadcom-Scores-Quad-Win-Quad-Core-Processor-Latest ("...Quad-core ARM Cortex A7 processor (BCM23550), an improved GPS and Sensor processing SOC (BCM47531) capable of simultaneously tracking five satellite systems (GPS, GLONASS, QZSS, SBAS, and BeiDou)..."). The first data, explained supra, generated by the microprocessor includes at least: a) a current position, b) a first displacement, c) a first velocity, and d) an altitude. *See* https://www.ifit.com/sonywatch ("Distance," "Elevation Gain," Average Pace," "...maps your route...").

12.     Upon information and belief, Defendant's Accused Systems are further configured to support an exercise detection module (such as an accelerometer, or a stride/shoe sensor) which detects the exercise of a user. The exercise may include, but is not limited to, running, cycling/biking, swimming, etc. *See* https://www.ifit.com/sonywatch ("Accelerometer").

13.     The exercise detection module of the Defendant's Accused Systems further generates a second data with respect to the user's exercise. The second data includes two measured values: a second velocity and a second displacement. *See* http://imar.de/downloads/papers/inertial_navigation_introduction.pdf, Page 1 ("Integrate the output once, and you have velocity. Integrate again and you have position - or rather change of position..."). The Defendant's Accused Systems ensure that velocity/displacement values detected during an exercise are accurate, and this is accomplished by using a combination of the GPS module (the satellite positioning module) and the accelerometer/stride/shoe sensor (the exercise detection module).  This combination works on a master/slave arrangement, such that the exercise

detection module's measurements are relied upon when the GPS signal is not available (for example, indoors, in a tunnel, etc.). Further, the second data indicated by the exercise detection module will be used until the GPS signal is reinstated, in which case it is imperative that the second data currently indicated by the exercise detection module will be corroborated with the first data now measured by the revived GPS signal. A difference (if any) will be calculated and an accurate velocity/displacement will be displayed on Defendant's Accused Systems. *See* https://www.ifit.com/outdoor ("...iFit will continually track every mile, even when there is no GPS signal.").

14. Defendant's Accused Systems further include a display screen that selectively displays the first and second data measured by the satellite position module and the exercise detection module. *See* https://www.ifit.com/sonywatch ("Display").

15. The infringement contentions that will be prepared and served pursuant to Local Rules 3-1 and 3-2 are incorporated into the Complaint by reference. Further, a detailed claim chart showing infringement by the Accused Systems will be made available immediately upon request.

16. Defendant is thus liable for infringement of the '937 Patent under 35 U.S.C. §271.

17. Each of Defendant's aforesaid activities has been without authority and/or license from Tellus.

18. Tellus is entitled to recover from Defendant the damages sustained by Tellus as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1.     In favor of Plaintiff that Defendant has infringed the '937 Patent;

2.     Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '937 Patent as provided under 35 U.S.C. § 284; and

3.     Granting Plaintiff any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  July 28, 2016     Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Tellus Fit, LLC***