# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TELLUS FIT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SONY MOBILE COMMUNICATIONS (USA) INC.<br><br>Defendant. | Case No. 6:16-cv-422-RWS<br><br>JURY TRIAL DEMANDED |

## SONY MOBILE COMMUNICATIONS (USA) INC.'S ANSWER, COUNTERCLAIMS AND JURY DEMAND

Defendant Sony Mobile Communications (USA) Inc. ("Sony Mobile"), by its undersigned counsel, answers Plaintiff Tellus Fit, LLC's ("Plaintiff") Second Amended Complaint (Dkt. No. 9) as follows. Sony Mobile further files its Counterclaims. Each paragraph of this Answer corresponds to the same numbered paragraph in the Second Amended Complaint, and anything in the Second Amended Complaint that is not expressly admitted herein is hereby denied.

## NATURE OF THE ACTION

1. Sony Mobile admits that the Second Amended Complaint purports to initiate an action for patent infringement but denies that the asserted patents are valid and denies infringement.

2. Sony Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Second Amended Complaint.

3. Sony Mobile admits it is a corporation, but denies it has a principal place of business at 3333 Piedmont Road, Atlanta, GA -- Sony Mobile's principal place of business is in California. Sony Mobile admits it may be served by Capital Services Inc. of Delaware.

4. For the purpose of this action and all counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction in connection with any other cause of action or claim, Sony Mobile does not contest whether jurisdiction properly lies in this district, but denies that Sony Mobile has committed any act that would give rise to any cause of action asserted in the Second Amended Complaint. Except as expressly admitted, Sony Mobile denies any remaining allegations in paragraph 4 of the Second Amended Complaint.

5. Sony Mobile does not contest that at least some Sony Mobile products have been sold or offered for sale in Texas, but denies that it did substantial business in this forum with respect to the accused products identified in the Second Amended Complaint and denies that Sony Mobile products practice the claims of the Patent-in-suit in the State of Texas. Sony Mobile admits that its products may be purchased by customers who are residents of the State of Texas. Sony Mobile admits that users may interact with the web site www.sonymobile.com and that web site is accessible throughout the United States. Sony Mobile denies the remaining allegations in paragraph 5 of the Second Amended Complaint.

6. For the purpose of this action and all counterclaims set forth herein, and without waiving any defense of lack of personal jurisdiction in connection with any other cause of action or claim, Sony Mobile does not contest whether venue properly lies in this district, but denies that this venue is more convenient than other venues and denies that it committed acts of patent infringement in this district.

7. Sony Mobile admits that its products are distributed throughout the United States and may be purchased by customers who are residents of the State of Texas. Sony Mobile denies the remaining allegations in paragraph 7 of the Second Amended Complaint.

**COUNT 1**

**INFRINGEMENT OF U.S. PATENT NO. 6,976,937 (the "'937 Patent")**

8. Sony Mobile lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 8 of the Second Amended Complaint and therefore denies them.

9. Sony Mobile denies the allegations in paragraph 9 of the Second Amended Complaint.

10. Sony Mobile lacks information or knowledge sufficient to form a belief about what Plaintiff has been "informed and believes" and therefore denies the truth of that allegations in paragraph 10 of the Second Amended Complaint. Sony Mobile further denies that its products infringe the '937 Patent.

11. Sony Mobile denies that the SmartWatch 3 as sold by Sony Mobile functions in the described manner and denies that the SmartWatch 3 includes the "iFit Outside app." Sony Mobile denies that the iFit Outside app is a Sony Mobile product; Sony Mobile understands the "iFit Outside app" is a third-party application. Sony Mobile denies that the cited-to web site www.ifit.com is a Sony Mobile website or that it describes the operation of the SmartWatch 3 as sold by Sony Mobile. Sony Mobile lacks information as to the content of the www.ifit.com web site and for that reason lacks information to form a belief about whether or not the cited statements exist at that website. Sony Mobile otherwise denies the remaining allegations of paragraph 11.

12. Sony Mobile admits that the SmartWatch 3 includes an accelerometer but denies that the SmartWatch 3, as sold by Sony Mobile, is configured in the matter described in paragraph 12. Sony Mobile denies the remaining allegations in paragraph 12 of the Second Amended Complaint.

13. Sony Mobile denies that the SmartWatch 3 as sold by Sony Mobile functions in the described manner. Sony Mobile denies the remaining allegations of paragraph 13.

14. Sony Mobile admits that the SmartWatch 3 includes a display screen, but denies that the display screen as sold by Sony Mobile functions in the described manner. Sony Mobile denies the remaining allegations of paragraph 14.

15. Sony Mobile objects to paragraph 15 of the Second Amended Complaint to the extent that it attempts to incorporate by reference documents which "will be prepared" and which have not yet been served on Sony Mobile, in a manner that is not permitted under the Federal Rules of Civil Procedure. Sony Mobile lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 15 of the Second Amended Complaint and therefore denies them.

16. Sony Mobile denies the allegations in paragraph 16 of the Second Amended Complaint.

17. Sony Mobile denies that any Sony Mobile activity referenced in the Second Amended Complaint requires the authority of Plaintiff or a license to the '937 Patent from Plaintiff.

18. Sony Mobile admits that 35 USC § 284 is a damages statute relating to patent infringement but Sony Mobile denies infringement and denies that Plaintiff is entitled to any recovery from Sony Mobile.

# DEFENSES

## Non-Infringement

Sony Mobile has not infringed and does not infringe the '937 Patent.

## Invalidity

The claims of the '937 Patent are invalid for failure to meet the Conditions of Patentability set forth in Title 35 of the United States Code, including one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Failure to State a Claim

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## Equitable Defenses

Plaintiff's claims for relief are barred in whole or in part by laches, estoppel, and/or unclean hands.

## Failure to Mark

Plaintiff is not entitled to damages for any activities occurring before the filing of the present suit in the event that it or any of its predecessors-in-interest, and/or of its or their licensees failed to mark patented articles pursuant to 35 U.S.C. § 287.

## License and/or Exhaustion

To the extent that Plaintiff's accusations relate to products or services that were provided by or for any licensee of the '937 Patent or provided to Sony Mobile by or through a licensee of the '937 Patent or under a covenant not to sue, or are otherwise subject to the doctrine of patent exhaustion, Plaintiff's claims are barred.

# DEFENDANT'S COUNTERCLAIM

Sony Mobile for its counterclaim against Plaintiff alleges as follows:

## PARTIES

1. Sony Mobile is a corporation organized under the laws of Delaware with a principal place of business in San Mateo, California.

2. Plaintiff alleges that it is a Texas limited liability company with its principal place of business at 211 E. Tyler St., Suite 600-A, Longview, TX 75601.

## JURISDICTION AND VENUE

3. On July 28, 2016, Plaintiff filed its Complaint alleging that Sony Mobile infringes the '937 Patent.

4. Sony Mobile denies infringement, and disputes the validity and enforceability of one or more claims of each of the '937 Patent.

5. Thus, there is an actual and justiciable controversy between Plaintiffs and Sony Mobile concerning the non-infringement, invalidity and enforceability of the '937 Patent.

6. These are counterclaims for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code, and also, 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action.

7. This Court has personal jurisdiction over Plaintiff by view of the Second Amended Complaint filed in this Court and Plaintiff's significant contacts with this forum.

8. To the extent that venue over Plaintiff's claim is proper, venue over this Counterclaim is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '937 Patent)**

9. Sony Mobile hereby repeats and realleges each and every allegation of the Counterclaim as if fully set forth here at length.

10. The '937 Patent was issued by the United States Patent and Trademark Office. Plaintiff claims to own all rights in and to this patent.

11. Plaintiff has asserted that Sony Mobile infringes the '937 Patent. Thus, an actual, justiciable controversy exists between Plaintiff and Sony Mobile concerning the lack of infringement of this patent by Sony Mobile.

12. Sony Mobile is not now infringing and has not infringed any valid claim of the '937 Patent literally, directly, contributorily, or by way of inducement.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Sony Mobile is entitled to a finding that it does not infringe and has not infringed the '937 Patent.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '937 Patent)**

14. Sony Mobile hereby repeats and realleges each and every allegation of the Counterclaim as if fully set forth here at length.

15. Plaintiff has asserted that Sony Mobile infringes the '937 Patent. Thus, an actual, justiciable controversy exists between Plaintiff and Sony Mobile concerning the validity of this patent.

16. One or more claims of the '937 Patent that are allegedly infringed are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 101, 102, 103 and/or 112.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Sony Mobile is entitled to a declaratory judgment that one or more claims of the '937 Patent is invalid and unenforceable.

**Demand for Jury Trial**

18. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sony Mobile demands a trial by jury of this action.

WHEREFORE, Defendant Sony Mobile respectfully requests that the Court:

A. Enter judgment in Sony Mobile's favor;

B. Declare this an exceptional case and award Sony Mobile its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

C. Award Sony Mobile its reasonable costs and fees;

D. Dismiss the Second Amended Complaint in its entirety with prejudice; and

E. Grant Sony Mobile such other and further relief as the Court deems just and proper.

F. That the Court enter a declaratory judgment that Sony Mobile does not infringe and have never infringed any valid claim of the '937 Patent;

G. That the Court enter a declaratory judgment that Sony Mobile does not infringe and have never infringed any valid claim of the '937 Patent.

Dated: August 10, 2016

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay, Esq.
Texas State Bar No. 00789886
Debby Gunter
Texas State Bar No. 24012752
Findlay Craft, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
(903) 534-1100 (t)
(903) 534-1137 (f)
Email : efindlay@findlaycraft.com
Email : dgunter@findlaycraft.com

Terry E. Welch (*pro hac vice pending*)
twelch@parrbrown.com
Chad S. Pehrson (*pro hac vice pending*)
cpehrson@parrbrown.com
LaShel Shaw (*pro hac vice pending*)
lshaw@parrbrown.com
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
801-532-7840 (t)
801.532.7750 (f)

*Attorneys for Sony Mobile Communications (USA) Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 10, 2016.

*/s/ Eric Findlay*
Eric Findlay